UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LARRY COCHRUN, | CIV 13-4106 |
| Petitioner, | |
| | MEMORANDUM OPINION AND ORDER |
| vs. | |
| ROBERT DOOLEY, Warden, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Larry Cochrun, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota, pursuant to a state court judgment of conviction. (Doc. 1.)

On October 2, 2013, Mr. Cochrun filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On March 27, 2014, the petition was dismissed for lack of jurisdiction because Mr. Cochrun's sentences for the state convictions he challenged had fully expired.[1] (Doc. 8.) Mr. Cochrun applied for a certificate of appealability with the Eighth Circuit and his application was denied on July 31, 2014. (Doc. 14.) On March 30, 2015, the United States Supreme Court denied his petition for a writ of certiorari. (Doc. 18.)

On March 11, 2019, Mr. Cochran filed another appeal to the Eighth Circuit and that was dismissed as untimely on March 28, 2019. (Doc. 23.) The United States Supreme Court denied Mr. Cochrun's petition for a writ of certiorari on October 21, 2019. (Doc. 29.)

On March 29, 2019, Mr. Cochrun filed, pro se, "Petitioner's Motion Under D.S.D. CIV. LR 58.1 Notification." (Doc. 24.) This motion is presently pending before the Court.

---

[1] He challenged his 1987 conviction for distribution of marijuana, and his 1991 state rape conviction.

## DISCUSSION

In his motion, Mr. Cochrun asserts, among other things, that his habeas petition should have been granted. He attaches an Affidavit of Dean Allen Cochrun who avers that the victim of Larry Cochrun's rape has recanted. (Doc. 24.) A similar statement of Dean Cochrun was filed with Mr. Cochrun's original habeas petition, (Doc. 1-2 at p. 2.) Mr. Cochrun also asserted in his own affidavit filed with his original habeas petition that the rape victim lied. (Doc. 1-1, Larry Cochrun Affidavit in Support of Motion to Void Judgment.) In his objections to the magistrate judge's Report and Recommendations, Mr. Cochrun again claimed that the victim lied about the rape. (Doc. 4 at p.1.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner in custody pursuant to a state court judgment must follow if he wishes to file a second or successive habeas corpus application challenging that custody. *See* 28 U.S.C. § 2244. In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (citation omitted). The Eighth Circuit has instructed district courts to conduct a brief initial inquiry to determine whether a motion is actually a second or successive collateral attack under 28 U.S.C. § 2254 or § 2255. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). If the court determines that the motion is actually a second or successive habeas petition, the court should dismiss it for failure to obtain authorization from the appellate court, or transfer it to the appellate court. *Id.*

This Court finds that Mr. Cochrun's "Motion Under D.S.D. CIV. LR 58.1 Notification" must be construed a petition under § 2254. He is attempting to file a successive motion for post-

conviction relief.[2] Having failed to obtain the requisite authorization from the Eighth Circuit, Mr. Cochrun's motion must be denied. Accordingly,

**IT IS ORDERED**:

1. That Petitioner's "Motion Under D.S.D. CIV. LR 58.1 Notification," Doc. 24, is actually a second or successive §2254 motion that must be dismissed, with prejudice, for failure to obtain authorization from the Eighth Circuit; and

2. That a Certificate of Appealability is not granted.

Dated this 23rd day of March, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

---

[2] This is Mr. Cochrun's second attempt to file a successive petition. *See Cochrun v. Dooley*, CIV 17-5071-LLP (D.S.D. 2013) (dismissing § 2254 for lack of jurisdiction "as Mr. Cochrun's action was a second or successive habeas corpus petition for which he had not received permission to file pursuant to 28 U.S.C. § 2244(b)(3)(A)").

3